**HENRY COUNTY BEVERAGE COMPANY, Inc., Petitioner,**

v.

**SECRETARY OF the TREASURY, Respondent.**

**No. 71–1326.**

United States Court of Appeals, Seventh Circuit.

Dec. 2, 1971.

Rehearing Denied Jan. 11, 1972.

Certiorari Denied April 17, 1972. See 92 S.Ct. 1496.

**414**

Earl N. Davis, James Manahan, Edward F. Kelly, Indianapolis, Ind., P. Sveinbjorn Johnson, Chicago, Ill., for petitioner.

Howard E. Shapiro, Dept. of Justice, Washington, D. C., Richard W. McLaren, Asst. Atty. Gen., Stephen Rubin, Atty., Dept. of Justice, Washington, D. C., Charles B. Lewis, Bruce Reynolds, Attys., Alcohol, Tobacco and Firearms Legal Division, Office of the Chief Counsel, Internal Revenue Service, Washington, D. C., for respondent.

Before DUFFY, HASTINGS and KNOCH, Senior Circuit Judges.

DUFFY, Senior Circuit Judge.

This is a petition to review and set aside an order of the Deputy Assistant Commissioner of the United States Internal Revenue Service dated February 22, 1971, annulling Wholesaler's Basic Permit No. CIN–P–1688 issued to petitioner, Henry County Beverage Company, Inc., (Henry County), operating in and around New Castle, Indiana.

Section 4(e) (3) of the Federal Alcohol Administration Act, 27 U.S.C. § 204(e) (3) provides that a basic permit shall, by order after due notice to the permittee, "be annulled if the Secretary finds that the permit was procured through fraud, or misrepresentation, or concealment of material fact. . . ."

From 1958 when Henry County acquired control of Norris Beverage Distributors (Norris), another New Castle, Indiana wholesale beer distributor, until December 5, 1966, Marshall L. Davis, Sr. and one Hiatt operated Henry County as a partnership.

On December 5, 1966, Henry County filed an application for a new basic permit due to its incorporation under the laws of Indiana. Davis retained one-half of the authorized stock of Henry County. The application was signed by Davis as president, but the application failed to state the interest of Davis in Norris as required in basic permit applications.

Two years later, on December 5, 1968, Henry County filed an application for the basic permit here in question due to a change in ownership of fifty percent of its capital stock. After an investigation of this application, Henry County was issued Wholesaler's Basic Permit CIN–P–1688 on January 7, 1969.

Following the issuance of this permit, the Alcohol, Tobacco and Firearms Division conducted an investigation with respect to the true ownership of Norris; an order to show cause dated February 18, 1969 was issued. Norris' Basic Permit was annulled on June 17, 1970 after the Secretary of the Treasury affirmed a Hearing Examiner's finding that Norris had procured his permit by misrepresenting and concealing the material fact that Davis and Hiatt (Davis' former partner) held a controlling interest in Norris Beverage Distributors.

Following an investigation, the Assistant Regional Commissioner issued an or-

der dated November 14, 1969, directing Henry County to show cause why its Wholesaler's Basic Permit should not be annulled for its alleged wilful and knowing misrepresentation and concealment of a material fact.

The show cause order charged that from November 26, 1958 to the filing of the order, Marshall L. Davis, Sr., President of Henry County, held a substantial interest in and exercised extensive control over Norris Beverage Distributors (Norris); that Henry County, in its application dated December 5, 1968 and in an addendum dated December 30, 1968, deliberately concealed a material fact by failing to list Davis, an officer and holder of more than 10% of the capital stock of Henry County, as having a financial interest in Norris.

The order also alleged the application would have been denied had such facts been known, as Indiana law provides that no Wholesale Beer Permit shall be issued to any person holding an interest in more than one such permit.[1] Also, that Davis had violated 27 U.S.C. § 205(a) by restricting the business activities of Norris to the benefit of Henry County.

After several extensions, Henry County filed an answer stating generally that it did not wrongfully and knowingly file a false application or addendum.

A hearing was held on March 24, 1970. Henry County filed a motion for leave to file an amended answer stating it did not desire to contest the facts alleged by the Government and it admitted all the material allegations of fact.

The Examiner found that Henry County's application and addendum misrepresented and concealed a material fact. Also, that the act of concealment was highly material to the administrative determination of whether to grant a basic permit. The Deputy Assistant Commissioner as the delegate of the Secretary of the Treasury, affirmed the decision of the Examiner by order entered February 22, 1971. A petition for review by this Court followed.

It is undisputed that from 1958 when Norris Beverage Distributors was formed, Marshall L. Davis, Sr., held a principal interest in two wholesale beer distributorships in express violation of Indiana law. 4 Burns Stat.Ann. 12–508, 12–915 (1956 as amended in 1966), IC 1971, §§ 7-1-1-10.

Henry County admits it obtained its permit through concealment of the more than 10% interest of Davis in another beer wholesaler (Norris). The Government insists that the record shows that Henry County had a consistent pattern of deception and anticompetitive conduct on the part of its dominant officer, Davis.

On December 18, 1958, one month after their basic permit had issued, the record shows Donald Norris and his wife, Wanda, executed a promissory mortgage note in the amount of $75,000 to the order of Keith W. Tyler, an Indianapolis attorney. This note was secured by a chattel mortgage on the Norris' right, title and interest in Norris Beverage Distributors. A supplemental agreement was also executed with the mortgage agreement assigning to Tyler all profits to be realized by Norris above certain operating expenses and Norris' annual salary of $7,000. Tyler thereafter assigned all his right, title and interest to Davis and Hiatt, then partners in Henry County. This arrangement continued until Norris' basic permit came under question and was subsequently annulled. An estimated $65,000 was paid from Norris to Davis and Hiatt under the mortgage agreement.

We think it is established by the record in this case that had Davis' secret control of Norris Beverage been disclosed in Henry County's permit ap-

---

[1]. During the period Henry County existed as a partnership, Davis and Hiatt were expressly precluded by Indiana law from owning or having any interest, direct or indirect, in more than one wholesale beer distributorship. 4 Burns Ind. Stat.Ann. 12–508, 12–915 (1956), as amended in 1966 (1970 Cum.Supp.).

plication, the application would have been denied.

Henry County argues that "No significance could be attached to Davis' effort to channel sales into one of two controlled competitor beer wholesalers." We think this argument is not sound and is contrary to the express language of Section 5(a) prohibiting the channeling of such sales "by agreement or otherwise."

The petitioner argues upon appeal that the Hearing Examiner and the Treasury Department misconstrued the pertinent statutory language in determining that the nondisclosure of Davis' dual interests in Henry County's basic permit application was material. Yet, in White v. United States, 355 F.2d 58, 63 (8 Cir., 1966), after reviewing the Congressional intent behind the disclosure requirement of 27 U.S.C.A. § 204, stressing the materiality of any misrepresentation or concealment of fact relating to the identity or character of principles to a permit application, the Court said:

> "Inherent in the accomplishment of these ends obviously would be the necessity of having disclosure made of the identity of those who wanted to go into or take over such a business. The making of such identification would have materiality as a matter of law, and any misrepresentation or concealment as to the persons so going into or taking over a liquor business would, regardless of their character, be matter per se 'of material fact' in relation to the permit provisions of § 204. Cf. Middlesborough (sic) Liquor & Wine Co. v. Berkshire, 77 U.S.App.D.C. 88, 90, 133 F.2d 39, 41 (1942)."

The Hearing Examiner cited F.C.C. v. Woko, Inc., 329 U.S. 223, 67 S.Ct. 213, 91 L.Ed. 204 (1946). He pointed out that the Supreme Court said ". . . The fact of concealment may be more significant than the facts concealed. The willingness to deceive a regulatory body may be disclosed by immaterial and useless deceptions as well as by material and persuasive ones. We do not think it is an answer to say that

the deception was unnecessary and served no purpose."

We are of the opinion that the Hearing Examiner had ample justification to hold the concealment herein material in relation to the permit provisions of Sec. 204.

The stipulated record discloses a course of deception and wilful misrepresentation on the part of Marshall L. Davis, Sr., involving the procurement and illegal operation of a competitor wholesale distributorship.

We hold that the order of the Deputy Assistant Commissioner dated February 22, 1971, affirming the Hearing Examiner's decision annulling Basic Permit CIN–P–1688 should be and is

Affirmed.